**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30799
_____

KENNETH J. GUILBEAUX,

Plaintiff-Appellant,

versus

GRAND CASINOS, INC.; GRAND CASINOS OF
LOUISIANA, INC.-COUSHATTA; GRAND CASINOS OF
LOUISIANA, INC.-TUNICA-BILOXI; and KEVIN KEAN,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-1167)

April 7, 1997

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Kenneth J. Guilbeaux sued Grand Casinos, Inc., Grand Casinos of Louisiana, Inc.-Coushatta, Grand Casinos of Louisiana, Inc.-Tunica-Biloxi, and Kevin Kean ("the defendants") alleging violation of (1) certain provisions of the Sherman and Clayton Acts, 18 U.S.C. §§ 1, 2, 15, and 22; (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and (3) Louisiana law regarding unfair competition and trade

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

practices as well as defamation. The defendants moved to dismiss the federal claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and also requested that the court decline to exercise supplemental jurisdiction over the pendent state claims under 28 U.S.C. § 1367(c)(3). The district court granted the motions.

On appeal, Guilbeaux contends that the district court erred in dismissing his antitrust and RICO claims. In reviewing a district court's dismissal for failure to state a claim under Rule 12(b)(6), we accept all factual allegations in the pleadings as true and examine whether the allegations state a claim sufficient to avoid dismissal. *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994). We may uphold a Rule 12(b)(6) dismissal only if it appears that, under any set of facts that could be proven consistent with the allegations in the pleadings, no relief could be granted. *Id.* While we must accept all factual allegations as true, we need not resolve unclear questions of law in favor of the plaintiff. *Grisham v. United States*, 103 F.3d 24, 25 (5th Cir. 1997).

For the reasons given by the district court, we AFFIRM the judgment below.